UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| Amber A. Wright, | ) | Bankr. No. 24-03409 |
| | ) | |
| | ) | |
| Debtor. | ) | Chief Judge Jacqueline Cox |

**Memorandum Opinion on Motion to Examine Fees of Debtor's Attorney (Dkt. 23)**

**Introduction**

Chapter 7 bankruptcy cases differ from those filed under other chapters of the Bankruptcy

Code ("Code").[1]  Other chapters have remedies whereby an attorney can be paid either by the

debtor or through a plan of reorganization after the filing date.  No such postpetition remedy is

spelled out in the Code for chapter 7 cases.

**Jurisdiction**

This court has jurisdiction over this matter under 28 U.S.C. § 1334 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois.  This

matter is a core proceeding under 28 U.S.C. § 157(b)(A), a matter concerning the administration

of the bankruptcy estate.

**Background**

Filing a chapter 7 cases triggers the automatic stay which bars attorneys who file chapter

7 cases for debtors from collecting prepetition debts without leave of court.  *See* 11 U.S.C. §

362(a).  The granting of a discharge in chapter 7 cases bars attorneys owed funds for

---

[1] All references to the Bankruptcy Code are to title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.*

investigating and filing chapter 7 cases from collecting those prepetition debts.  11 U.S.C. § 727(b).

When faced with this problem in *In re Bethea*, the Seventh Circuit discussed the possibility of debtors rehiring their bankruptcy counsel after filing a chapter 7 case to perform postpetition services:

> Those who cannot prepay in full can tender a smaller retainer for prepetition work and later hire and pay counsel once the proceeding begins—for a lawyer's aid is helpful in prosecuting the case as well as in filing it.

*In re Bethea*, 352 F.3d 1125, 1128 (7th Cir. 2003).

> This court commented on *Bethea* in *In re Griffin:*

> In other words, the future debtor and his bankruptcy counsel would both voluntarily enter into a prepetition contract that requires counsel to perform legal services only to the point of filing the bankruptcy case (and perhaps a handful of post-petition services that might include the § 341 meeting); then, if further post-petition services were desirable or necessary, the debtor would have to seek to re-retain the same (or possibly another) bankruptcy attorney for an additional fee that the debtor would not be contractually obligated to pay until after the case is filed.  If Chapter 7 debtors' attorneys proceed in reliance on the dictum in that opinion, they ought to proceed with caution, thoroughly considering the implications of such an arrangement under the Illinois Rules of Professional Conduct.

*In re Griffin*, 313 B.R. 757, 766-67 (Bankr. N.D. Ill. 2004).

In response, attorneys have been bifurcating their agreements with chapter 7 debtors, dividing their representation into prepetition and postpetition contracts.  Fees owed for prepetition work on behalf of a chapter 7 debtor could be discharged; fees owed under a post-petition contract would be collectible as only prepetition debts get discharged under chapter 7.

Ramona D. Elliott, the Acting Director of the Executive Office of the U.S. Trustee Program issued a memorandum in 2022 entitled Guidelines for United States Trustee Program

<u>Enforcement Related to Bifurcated Chapter 7 Agreements</u>. The program does not condemn split-fee agreements but cautions that absent contrary local authority they have to be fair and reasonable, entered into with the debtor's fully informed consent and be adequately disclosed. Memorandum from Ramona D. Elliott, Acting Director, Executive Office for the U.S. Trustees, to United States Trustees (June 10, 2022) (https://www.justice.gov/ust/page/file/1511976/dl?inline).

Pursuant to statutory authority under 11 U.S.C. § 586 to monitor and appear in all bankruptcy cases, U.S. Trustee Patrick S. Layng[2] filed a motion asking the court to examine the fees of Attorney Xiaoming Wu and the Borges & Wu law firm[3] in connection with the above-captioned bankruptcy case pursuant to 11 U.S.C. § 329(b).[4] Section 329(a) of the Code requires attorneys who represent debtors, whether or not the attorney applies for compensation, to file with the court a statement disclosing the compensation paid or agreed to be paid.

Section 329(b) of the Code states that if the compensation exceeds the reasonable value of the services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to the bankruptcy estate or to the entity that made the payment.

The motion filed herein seeks a finding that the retention agreements executed by the Debtor Amber A. Wright and Mr. Wu do not comply with 11 U.S.C. §§ 526 and 528 and are void for that reason. The motion also asks that Mr. Wu be enjoined from violating 11 U.S.C.

---

[2] Adam Brief is now the Acting United States Trustee for the Northern District of Illinois.

[3] Because our court allows attorneys to appear, not law firms, the motion will be resolved as to Mr. Wu. Local Bankruptcy Rule 2090-5(A)(3) in effect in March, 2024. Effective September 1, 2024 that provision is in Local Bankruptcy Rule 2040-4(A)(3).

[4] On October 23, 2024, the court heard a joint trial to examine the fees of Attorney Xiaoming Wu in five chapter 7 cases pending in the Bankruptcy Court for the Northern District of Illinois: *In re Smith*, No. 24-03007; *In re Jude-Weathrsby*, No. 24-03393; *In re Wright*, No. 24-03409; *In re Knighten, Jr.*, No. 24–3730 and *In re Green*, No. 24-03890. The parties stipulated to the Debtor's deposition in a sixth case, *In re McNeal*, 24-03353. *See* Docket 63 therein.

§ 526, as allowed by 11 U.S.C. § 526(c)(5).

On March 2, 2024, Debtor Amber A. Wright (the "Debtor") and Mr. Wu executed an Attorney Retention Contract (the "Prepetition Contract"). Docket 1, p. 9. Mr. Wu filed the Debtor's petition for chapter 7 bankruptcy relief on March 8, 2024. The petition was filed without the schedules and statement required by Code section 521.

A Notice of Deficiency was docketed herein on March 11, 2024 informing that several required documents had not been filed and that dismissal could result should those items not be filed by March 22, 2024. *See* Docket 8. The Debtor testified at the October 23, 2024 trial that she spoke with someone at Mr. Wu's office about the notice and was informed that "everything was done." October 23, 2024 Hearing Transcript ("Transcript"), Docket 45, pp. 105-108.

The other required documents were filed on March 20, 2024, twelve days after the filing date. Dockets 11-17.

The U.S. Trustee argues that Mr. Wu should not have delayed filing the documents, arguing that he may be filing chapter 7 petitions for debtors under a split-fee arrangement and holding required schedules and statements hostage until the debtors execute a postpetition contract and possibly make an initial payment via wage assignments or ACH automatic bank withdrawals. Motion to Examine Fees, Docket 23, pp. 2-3, ¶ 3.

The Debtor's Statement of Financial Affairs ("SoFA"), at ¶ 16, states that she paid $92.00 for a merged, multi-bureau credit report, credit counseling and debtor education courses. Docket 13, ¶ 16. No other payments are noted therein. In his initial compensation disclosure Mr. Wu stated that he agreed to accept $0 and that the $338 filing fee had been paid. Compensation Disclosure, Docket 1, p. 8, ¶¶ 1-2. That disclosure states:

6. In return for the above- disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
b. Preparation and filing of any petition, schedules, statements of affairs and plan which may be required;
c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
d. [Other provisions as needed]
> Attorney's representation of debtor is conditioned on debtor entering into an agreement after the filing of the case to pay Attorney for services rendered after filing of the case. Should debtor fail to enter into such an agreement, the court may allow Attorney to withdraw from representation of debtor on motion of attorney.

Compensation Disclosure, Docket 1, p. 8, ¶ 6a-d.

The Debtor testified at the October 23, 2024 trial herein that she understood that Mr. Wu would represent her for all purposes.  Transcript, Docket 45, pp. 97-100.

Mr. Wu filed a supplemental compensation disclosure on March 20, 2024.  Docket 16. Like in the *Jude-Weathersby* case, No. 24-03393, he noted that since filing the original compensation disclosure he agreed to accept $2,600 (as anticipated in the prepetition Attorney Retention Contract).  It says he received $0 prior to filing the supplemental disclosure and that the balance due was $2,600.  The supplemental disclosure includes the Contract for Postpetition Service.

At ¶ 5 of the supplemental disclosure Mr. Wu stated that "[I]n return for the above-disclosed fee, I have agreed to render legal services as follows: Preparation & Filing of Schedules, Statements, Reaffirmation Agreements, Applications as needed and Representation of Debtor at 341 Meeting of Creditors."  This is essentially what he agreed to do prepetition for $0.

The Contract for Postpetition Service provides that the $2,600 "fee shall cover all aspects of a pending Chapter 7 case except for matters listed separately below" and that it was a flat-fee advance payment retainer. Docket 16, Part 2, ¶ 2. The U.S. Trustee notes that this statement conflicts with Mr. Wu's original compensation disclosure statement at Docket 1, p. 8 which provides that in return for a $0 fee he agreed prepetition to render legal services for all aspects of the bankruptcy case. The prepetition Attorney Retention Contract provided that the Debtor retained the Attorney "for all purposes in the bankruptcy case" subject to exceptions in section 3 (Scope of Representation). *Id.*, p. 9, ¶ 2.

Included in the supplemental disclosure is an executed wage assignment that does not state what part, if any, of the $2,600 remained unpaid. No ACH agreement or authorization was attached, nor was there a schedule of payments informing the Debtor what she had to pay or when to pay it. Docket 16, part 3, p. 1.

The U.S. Trustee argues that Mr. Wu should have attached either or both a written executed ACH agreement that provided amounts and dates of scheduled payments from a specific bank account and a complete wage assignment agreement including details such as an employer's name and a schedule of payments. That is correct. The ACH document was not disclosed with Mr Wu's supplemental disclosure documents. The ACH document is included in his response to the motion to examine fees; it was filed on June 27, 2024 at Docket 29, Part 6. It states that $130 would be deducted from a bank account bi-weekly for a few months.

Mr. Wu's failure to disclose the ACH document sooner violated Federal Rule of Bankruptcy Procedure 2016(b) and Local Bankruptcy Rule 2016-1; it should have been disclosed in the supplemental compensation disclosure.

Did the failure regarding the wage assignment document to include more information

violate Code section 329, Fed. R. Bankr. P. 2016 or Local Rule 2016-1? Perhaps not. The

problem, explained by retired Bankruptcy Judge Doyle in *In re St. John*, is that "[t]he wage

assignment allows Wu to collect any unpaid amount owed under the CARA[5] [Court Approved

Retention Agreement] directly from the debtor's wages after the bankruptcy case is dismissed.

This type of agreement is prohibited by the court's Local Bankruptcy Rules regarding the CARA,

which permit the court to deny any fee to an attorney who enters into such an agreement. Wu's

fee application will be denied." *In re St. John*, 2022 WL 4827351, *1 (Bankr. N.D. Ill. Sept. 30,

2022). Judge Doyle explained that wage assignments deprive debtors of their rights to defend

against any collection action Wu could file in a non-bankruptcy court. "Wu tried to eliminate the

need to file a lawsuit against the debtor and thereby eliminate any chance for the debtor to raise

potential defenses such as that Wu did not perform under the contract). The wage assignment

allows Wu to go straight to collection from the debtor's wages without the procedural safeguards

afforded to a defendant in a lawsuit before and after judgment." *Id.* (internal citation omitted).

The court acknowledges that the use of wage assignments in chapter 13 cases is

prohibited under the CARA regime but that their use in chapter 7 cases is not prohibited. The

problem is that even though Mr. Wu disclosed the wage assignment when he filed his

supplemental disclosure, he did not then disclose the ACH agreement.

The court is not ruling that attorneys who file chapter 7 cases may not use wage

---

[5] The Court Approved Retention Agreement regime is a program where, in return for a fixed no-look flat fee of $4,500 in chapter 13 cases, attorneys may file a simplified fee application and agree to a number of conditions. For a full description of the program, see *In re Zambrano*, 2022 WL 16646807, *1-2 (Bankr. N.D. Ill. Nov. 3, 2022).

assignments or ACH agreement.  However, Mr. Wu will be enjoined from failing to disclose

wage assignments and ACH agreements when required to comply with Fed. R. Bankr. P. 2016

and Local Bankruptcy Rule 2016-1.  Such disclosures help bankruptcy courts and U.S. Trustees

monitor how attorney fees are assessed and collected in chapter 7 cases.

### Section 329 of the Bankruptcy Code and Bankruptcy Rules 2016 and  2017

Section 329(a) of the Code requires attorneys who represent debtors seeking bankruptcy

relief to file with the court a statement of the compensation paid or agreed to be paid by or on

behalf of debtors.  Section 329(b) states that if the compensation exceeds the reasonable value of

the services, the court may cancel any such agreement, or order the return of any such payment,

to the extent excessive, to the bankruptcy estate or to the entity that made the payment.

Section 329 reflects Congress' concern that a debtor's payments to a bankruptcy attorney present

a potential for evasion of creditor protection provisions warranting careful scrutiny.  H.R. Rep.

95-595, 95th Cong., 1st Sess. 329 (1977), *U.S. Code Cong. & Admin. News 1978,* p. 5963.

Federal Rule of Bankruptcy Procedure ("Fed. R. Bankr. P.") 2016 requires attorneys to

file the statement required by Code section 329 within 14 days after the order for relief, or

another time as the court may direct.

Local Bankruptcy Rule 2016-1 requires a debtor's attorney to file not only the disclosure

statement, but to attach "[e]very agreement between a debtor and an attorney for the debtor that

pertains, directly or indirectly, to the compensation paid or given, or to be given, to or for the

benefit of the attorney." Local Bankruptcy Rule 2016-1.  The court finds that Local Bankruptcy

Rule 2016-1 requires that ACH and wage assignment agreements and documents be disclosed.

The court finds that Mr. Wu's failure to disclose the ACH agreement in his supplemental

disclosure at Docket 16 violated Local Bankruptcy Rule 2016-1.

Fed. R. Bankr. P. 2017 provides that on the motion of any party or on its own initiative, a court may determine whether any payment of money or any transfer of property by the debtor to an attorney, made in contemplation of filing for bankruptcy relief, is excessive.

The court has to determine the reasonable value of services rendered and determine whether any excess payment was made by comparing that value to the value given. Even if an attorney engages in a pattern of conduct in a number of cases, the court has to examine services rendered in each case to determine their value. 16 COLLIER ON BANKRUPTCY ¶ 2017.11 (Richard Levin & Henry J. Sommer eds., 16th ed.).

Because the court will order relief for the Debtor under Code section 526, which allows the voiding of contracts that are misleading, without determining whether the fees charged in connection thereto are excessive, it will not be necessary to determine the reasonable value of the services rendered by Mr. Wu. In any event, he did not testify herein or present other evidence to show that his fee was not excessive under Code section 329(b). Bankruptcy Judge Claire explained in *In re Baur* that in most section 329(b) matters:

> [w]e would need to determine what would have been a reasonable fee for the Firm to charge and then direct the firm to return the excess to the Debtors. However, this would not be a meaningful exercise in these cases because of our disposition of the Section 528(a)(1) claim above. We thus forgo an extended analysis of the reasonableness of the Firm's fees and turn to the U.S. Trustee's claim under Section 526, which could lead to a broader remedy.

*In re Baur,* 658 B.R. 930, 947 (Bankr. E.D. Mo. 2024) (internal citation omitted).

### Relief Requested

The United States Trustee asks the court to find that neither the Attorney Retention

Contract nor the Contract for Postpetition Service complies with the material requirements of sections 526 or 528 of the Code and for that reason find that the agreements are void. The U.S. Trustee alleges that Mr. Wu omitted critical information from his disclosures regarding his representation of the Debtor because it is difficult to tell whether he was obligated to prepare and file schedules and statements under the prepetition Attorney Retention Contract or under the Contract for Postpetition Service. His disclosure states that he was so obligated prepetition as the Attorney Retention Contract provides that he was to provide all services in the bankruptcy case, unless expressly excepted therein. The problem is that his supplemental disclosure which includes the Contract for Postpetition Service states that the $2,600 fee covered all aspects of the pending chapter 7 case except for matters listed separately. Is this a material inconsistency that makes it impossible to tell whether or when Mr. Wu intended to provide services in the case? Yes, this is a material, misleading inconsistency that justifies finding that the contracts are void as this is a misrepresentation to the Debtor with respect to the services he would provide. This is the sort of misrepresentation regarding services to be provided that is prohibited by Code section 526(a)(3).

In 2004 in *In re Griffin*, in the context of a matter where a debtor was loaned funds by a third party to redeem a vehicle, this court noted that in connection with bifurcated agreements:

> The trick here is that the post-petition contract must really be a post-petition contract. That is, the legally operative events — the offer, acceptance, and exchange of consideration (either a promise to pay or an act of payment in exchange for a promise to render services) — must in fact occur after the date of the Chapter 7 filing to qualify as a claim arising post-petition and falling outside the scope of § 362(a)(6).

*Griffin*, 313 B.R. at 769-70.

-10-

That opinion also covers how the Illinois Rules of Professional Conduct impact attorney compensation in Chapter 7 bankruptcy cases.

One solution to this problem would be to make prepetition debts owed to bankruptcy counsel nondischargeable to obviate attorneys and debtors having to execute two contracts, one prepetition and another postpetition. *Final Report of the ABI Commission on Consumer Bankruptcy,* AMERICAN BANKRUPTCY INSTITUTE, pp. 94-95, https://consumercommission.abi.org (2019).

Mr. Wu's duty to perform services was conditioned on the Debtor executing an additional agreement postpetition. It is difficult to discern exactly what he was required to do postpetition after the anticipated execution of the postpetition contract since he was already obligated to perform the same services prepetition. This is a misleading statement prohibited by Code section 526(a)(2).

In *In re Brown* Florida Bankruptcy Judge Isicoff noted that while a chapter 7 lawyer has to be paid by the debtor, the lawyer cannot look to the estate or to the debtor postpetition for payment of fees for services rendered or to be rendered if the obligation to pay the fee arose prepetition. 631 B.R. 77, 93 (Bankr. S.D. Fla. 2021). Judge Isicoff also noted that "[t]here is no question that using the post-petition agreements to pay for prepetition services is not acceptable, since that is merely seeking to do indirectly what is prohibited directly, citing *Hazlett,* 2019 WL 1567751, at *9 ("[F]ees for pre-petition services should not be directly or surreptitiously slipped into the fee charged for post petition services. If this happens, it could be cause for disgorgement under § 329 or other sanctions.").

## Section 526 of the Bankruptcy Code

Section 526 places restrictions on debt relief agencies in connection with their efforts to provide services to persons seeking bankruptcy relief. Attorneys who provide bankruptcy assistance to assisted persons are debt relief agencies within the meaning of this Bankruptcy Code provision. *Milavetz, Gallop & Milavetz, P.A. v. U.S.*, 559 U.S. 229, 239 ("[w]e hold that attorneys who provide bankruptcy assistance to assisted persons are debt relief agencies . . ."). An "assisted person" is a person whose debts consist primarily of consumer debts and the value of whose nonexempt property is less than $226,850. 11 U.S.C. § 101(3).

Section 526(a)(1) states that a debt relief agency shall not fail to perform any service it told an assisted person it would provide. Mr. Wu did not violate this provision; he actually performed the service he said he would provide, helping the Debtor obtain a discharge of her debts.

Section 526(a)(2) states that a debt relief agency shall not make any statement that is untrue or misleading, or that upon the exercise of reasonable care, should have been known by such agency to be untrue or misleading. The court finds that Mr. Wu violated section 526(a)(2), as his promises to perform the same services in both the prepetition contract and the postpetition contract are misleading because it is not clear whether he was to perform those services prepetition or postpetition. In addition, the discrepancy regarding whether the fee was $0 or $2,600 is also misleading.

Section 526(a)(3) provides that a debt relief agency shall not misrepresent to any assisted person, affirmatively or by material omission, the services that such agency will provide to an assisted person. Mr. Wu violated section 526(a)(3) as his promises to perform services

-12-

postpetition amounts to a misrepresentation because he was already obligated to perform those services pursuant to the prepetition contract. He violated section 526(a)(3) by not making it clear in the Contract for Postpetition Service that he was already obligated to represent her as noted in his initial disclosure of compensation statement:

> 6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
>
> a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
> b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
> c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
> d. [Other provisions as needed]
> > Attorney's representation of debtor is conditioned on debtor entering into an agreement after the filing of the case to pay Attorney for services rendered after filing of the case. Should debtor fail to enter into such an agreement, the court may allow Attorney to withdraw from representation of debtor on motion of attorney.

Disclosure of Compensation of Attorney for Debtor, Docket 1, p. 8, ¶¶ 6a-d.

The prepetition Attorney Retention Contract at ¶ 6 states that Mr. Wu "agreed to render legal service for all aspects of the bankruptcy case." Docket 1, p. 9. Mr. Wu agreed postpetition in the Contract for Postpetition Service that the $2,600 fee covered all aspects of a pending chapter 7 case except for matters listed separately. Docket 16, Part 2, ¶ 2. He agreed to handle all aspects of the Debtor's case for $0 prepetition and for $2,600 postpetition. One of those statements is a misrepresentation. In addition, this is very confusing, making it difficult for enforcement purposes to know what Mr. Wu was supposed to do and when he was supposed to do it.

The court finds that the contracts noted herein did not comply with the material

requirements of Code sections 526(a)(2) and 526(a)(3).  For that reason, pursuant to Code section 526(c)(1) the court finds that the contracts executed herein between Mr. Wu and the Debtor are void and unenforceable.

## Section 528 of the Bankruptcy Code

Section 528(a)(1) requires attorneys, as debt relief agencies, not later than 5 days after bankruptcy assistance is provided, and prior to filing a bankruptcy petition on such person's behalf, to execute a written contract that clearly and conspicuously explains the services the attorney will provide to such assisted person, the fees or charges for such services, and the terms of payment.   Mr. Wu timely executed and disclosed the contracts and their terms to the Debtor. While the terms are inconsistent, misleading and confusing, section 528(a) has not been violated.

## Did Mr. Wu violate Sections 526?

Mr. Wu's response pleading to the U.S. Trustee's motion to examine fees asserts that officials from the U.S. Trustee's Office advised him to structure his contract documents in their current form. Response, Docket 29, pp. 2-3.  He referred therein to an affidavit from Attorney George Vogel which consists of several conclusions stating that in 2015 the staff of the U.S. Trustee's office reviewed split-fee procedures used by the Ledford, Wu & Borges Law Firm (currently Borges & Wu).  The documents reviewed are not attached; for that reason, the affidavit will be given no weight.  In any event, Mr. Wu did not present evidence of this at the trial of this matter.[6]

---

[6] In *In re St. John* where Judge Doyle sanctioned Mr. Wu for improperly using a wage assignment form to collect his fee in a chapter 13 case, he argued that the judges of the district acquiesced in his practice by not discovering it sooner, waiving the court's authority to deny his fee applications. Judge Doyle rejected this suggestion. *In re St. John*, 2022 WL 4827351, *2 (Bankr. N.D. Ill. Sept. 30, 2022).  Mr. Wu prefers to blame others for his conduct.

-14-

Mr. Wu argues that Local Bankruptcy Rule 2090-5(B)[7] states that an attorney who files a petition is deemed to appear as the attorney of record on behalf of the debtor for all purposes in the bankruptcy case including contested matters and audits, but not for adversary proceedings. His reliance on that rule suggests that he could not put most of the tasks owed Debtor in a postpetition contract because the rule requires him to do so much by virtue of filing an appearance. The problem is that Mr. Wu has not complied with that rule as his initial disclosure of compensation states that he may charge additional fees for the following: "conversion from one chapter to another; reopening a closed case; judicial lien avoidance; amending a petition, schedule or statement post-filing not due to Attorney's fault and attending additional creditors' meetings due to debtor's failure to attend the meeting without a good reason and prior notice." Disclosure of Compensation of Attorney for Debtor(s). Docket 1, p. 8, ¶ 7.

From 2020 to April 19, 2022, Local Rule 2091-1(B) provided that in a chapter 7 case where (1) the debtor's attorney has agreed to represent the debtor conditioned on the debtor entering into an agreement after the filing of the case to pay the attorney for services rendered after filing and (2) the debtor refuses to enter into such an agreement, the court may allow the attorney to withdraw from representing the debtor. The current form of the Local Bankruptcy Rules provides for this at Local Bankruptcy Rule 2040-5(B). According to Mr. Wu, he has attempted to comply with Local Rules 2090-5(B) and 2091-1(B) as well as paragraph 6 of the Local Bankruptcy Rule 2016(b) Disclosure Statement. The court surmises that he is referring to Official Form 230 (Disclosure of Compensation of Attorney For Debtor). Paragraph 6 therein states: "By agreement with the debtor(s), the above-disclosed fee does not include the following

---

[7] Before September 1, 2024 this language was in Local Rule 2090-5(B).

services . ."

Mr. Wu's initial Official Form 2030 disclosure form lists the services he promised to perform for the Debtor and the services excluded from the representation. Docket 1, p. 8. Mr. Wu posits that he tried to comply with these rules and forms but they presented tensions. The court does not see any structural issues that are a hindrance to Mr. Wu's obligation to describe his representation of the Debtor in clear language. The Local Bankruptcy Rule requires that only adversary proceedings can be excepted from representation; however, Mr. Wu's agreements allows him to except from representation additional services. Mr. Wu did not comply with the Local Bankruptcy Rule. The court finds that there is no conflict or tension between the Local Bankruptcy Rules and Official Form 2030. Attorneys may represent debtors for all purposes from the beginning of the relationship or pursue a bifurcated arrangement. The Rules and Forms did not and do not now stand in the way of Mr. Wu properly structuring his agreements or properly disclosing them.

Mr. Wu also argues that his reliance on Official Form 2030 has led to the confusion herein as it states at paragraph 5 that the attorney represents the debtor in several respects: to analyze the debtor's financial situation and render advice in determining whether to file a petition; prepare and file schedules and statements of affairs and a plan if required. The attorney also agrees to represent the debtor at the creditors meeting and the confirmation hearing and to represent the debtor in adversary proceedings. The court notes that paragraph 6 therein allows an attorney to state that in agreement with the debtor the attorney will not represent the debtor in certain services. There an attorney can note which services will be provided prepetition and which services will be provided postpetition.

Mr. Wu argues that he was well within his rights to file certain documents within the 14-day grace period of Fed. R. Bankr. P. 1007(c).   The court agrees and finds that filing required documents twelve days after filing, which is what happened herein, was not a violation as they have to be filed with the petition or within 14 days thereafter. Fed. R. Bankr. P. 1007(c).

Mr. Wu also argues that the U.S. Trustee accuses him of violating section 526(a)(1) by failing to performing services he promised to provide. He is not accused of not performing those services, but for structuring his agreements in a confusing and misleading manner. In any event, the court has declined to find that he violated that provision. *See* p. 12, *supra.*

Mr. Wu argues that Official Form 2030 was not designed to handle split fee filings because on its face it covers the entire case. The court disagrees. As noted above, that form allows attorneys to except services from representation. Mr. Wu noted in paragraphs 6 and 7 of the Offical Form 2030 he submitted that certain services were not to be provided and that he could withdraw if the Debtor failed to sign a postpetition agreement. He added language in paragraph 6(d) of the original compensation disclosure that representation was conditioned on Debtor entering into a postpetition agreement. In paragraph 7 of that form he limited the services to be provided, noting that he could charge additional fees for several services. Official Form 2030 does not prohibit split fee filings directly or indirectly. *See* Compensation Disclosure, Docket 1, p. 8.   In ¶ 6 of the Supplemental Disclosure he noted that he could charge extra for certain services. Docket 16, Part 1.

Mr. Wu argues that the ACH and wage assignment forms were not fully executed because he could not predict the amount of a future default. The court gives this response some weight and finds that the condition of those forms did not violate the Code or Rules. In any event, the

court would have to be informed of Illinois law on this point. What does Illinois law require regarding ACH and wage assignments? His failure to disclose the ACH agreement forms the basis of one of the section 526 violations. *See* pp. 12-13, *supra*.

Mr. Wu violated section 526 as he promised in the initial disclosure and the attached Attorney Retention Contract that he had agreed to analyze the Debtor's financial condition and to render advice to determine whether to file a bankruptcy petition. He also agreed to prepare and file petitions, schedules, a statement of affairs and a plan. Docket 1, p. 8. The Attorney Retention Contract dated March 2, 2024 states that Mr. Wu would counsel and represent the Debtor in the bankruptcy case for zero compensation, subject to the her executing a postpetition contract for an anticipated fee of $2,600 for services to be rendered after filing of the case.

The U.S. Trustee complains that Mr. Wu did not file the Debtor's schedules and statement of financial affairs until the Debtor entered into the Contract for Postpetition Service for $2,600. Therein Mr. Wu agreed to prepare and file schedules and statements. The problem is that he had already agreed to do so in the prepetition Attorney Retention Contract. This amounts to the kind of confusion and misleading statement that Code section 526(a)(3)(A) prohibits.

Since both the preprtition contract and the postpetition contract indicate that Mr. Wu was obligated to prepare and file schedules and a statement of financial affairs, Mr. Wu misled the Debtor regarding the services to be rendered which is prohibited by section 526(a)(2).

The terms of payment should disclose the source of periodic payments, the dates when the periodic payments would be due and the amount of each payment. The debtor has to agree to the payments terms in writing. *In re Patrick*, 2014 WL 3722005 at *3 (Bankr. W.D. La. July 23, 2014). Mr. Wu did not disclose the ACH agreement in his supplemental disclosure, violating

-18-

Fed. R. Bankr. P. 2016 and Local Bankruptcy Rule 2016-1.

Section 526(c)(1) states that a contract that does not comply with the material requirements of sections 526, 527 or 528 shall be void and may not be enforced by any state or federal court or any person other than an assisted person, in this case the Debtor.

Mr. Wu's Attorney Retention Contract states at ¶ 2 that the client retained him to counsel and represent her for all purposes in the bankruptcy case, except for appeals, adversary proceedings, judicial lien avoidance, post-discharge litigation and § 722 redemption. None of the exceptions are in issue. The problem is that his Contract for Postpetition Service at ¶ 2 states that the Debtor retained the attorney who will counsel and represent the client and that the $2,600 fee covers all aspects of a pending Chapter 7 case. Mr. Wu was obligated to counsel and represent the Debtor pursuant to the his initial Attorney Retention Contract, a prepetition obligation on her part which was a dischargeable prepetition debt. The U.S. Trustee argues that Mr. Wu failed to clearly and conspicuously explain the services he would provide or the fees and charges for such due to this inconsistency. The court agrees.

The U.S. Trustee argues that Mr. Wu engaged in a pattern of violating section 526 for at least six years, citing *In re Zambrano*, 2022 WL 16646807 at *6 where a court referred to Mr. Wu's unabated violations of section 526 beginning in 2018. That court sanctioned Mr. Wu for making prepetition security arrangements in the form of blank wage assignments to improve his chance of collecting fees:

> In short, Mr Wu has breached not only his obligations as an officer of the court but also his duties as a fiduciary for his clients by obtaining from them security arrangements which he is not entitled to receive and then certifying to the Court that he had done no such thing. Congress adopted the debt-relief agency rules set forth in Sections 526 through 528 of the

Bankruptcy Code precisely to prevent behavior of this sort.

*Id.*

While *Zambrano* was a chapter 13 case and this is a chapter 7 case, Mr. Wu's conduct is a variation of the same theme in connection with his retention, fee, billing and collection practices in that he does not conduct himself in this regard in a clear and understandable manner.

Should the court enjoin him from further such violations?  The court will issue an injunction due to the identical findings that Mr. Wu has misrepresented his services in three other cases from the joint hearing held on October 23, 2024: *In re Jude-Weathersby*, No. 24-03393; *In re Smith*, No. 24-03007 and *In re Knighten*, No. 24-03730.

### Conclusion

The Attorney Retention Contract, the Contract for Postpetition Service, the wage assignment document and the ACH agreement are held to be void.  The $2,600 fee that Attorney Xiaoming Wu charged Debtor Amber A. Wright is unenforceable and shall be refunded to her on or before March 28, 2025.

**Date: March 3, 2025**                    **ENTERED:**

_Jacquel᳴ P. Cox_

**Jacqueline P. Cox**
**Chief Bankruptcy Judge**